8 F.3d 820
 8 IER Cases 1792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald W. SHARPE, Plaintiff-Appellant,
v.
Russell O. LONG; Lucius T. Martin; William H. Grainger,
Jr.; W. Venson Huchabee; Jerry L. Smith; Llewellyn L.
Sharpe, in their individual and official capacities; Town
of Swansea, Defendants-Appellees.
 No. 92-2458.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 22, 1993.
Decided: November 2, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. William B. Traxler, Jr., District Judge. (CA-91-3360-3-21)
 Kenneth W. Lobenstein, Columbia, South Carolina, for Appellant.
 Vance J. Bettis, Gignilliat, Savitz & Bettis, Columbia, South Carolina, for Appellees.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ronald W. Sharpe appeals from the order of the district court granting summary judgment to the Defendants in his action challenging his dismissal as the town's waste water system operator. For the reasons set forth below, we affirm.
 
 
 2
 Sharpe was listed in the South Carolina Department of Health and Environmental Control ("DHEC") records as the certified operator for the water system and the waste water system for the Town of Swansea. In 1981, a certified operator was hired to control the water system. Sharpe continued to manage the waste water and occasionally assisted with the water supply. In 1987, after the DHEC issued more stringent regulations, Sharpe negotiated a new employment contract with the town under which he was responsible only for the waste water system. However, Sharpe's name remained on the DHEC records as the certified operator for both systems.
 
 
 3
 In 1990, the town fired its water system operator. Sharpe offered to assume control of the water system, as well as the waste water, provided he receive a pay raise. The town refused. At that time, a water systems licensed trainee was controlling the water supply.[1] Sharpe orally contacted the DHEC to inform them that he no longer wished to be in charge of the water system for Swansea. He was informed that he would have to request the change in writing. Sharpe then wrote a letter to the DHEC, informing them that he was "no longer responsible for the water system at the Town of Swansea, but still will be responsible for the wastewater system at Swansea."
 
 
 4
 DHEC personnel contacted Swansea officials, inquiring about the lack of a certified water systems operator. Upon hearing that Sharpe had resigned responsibility for the water system, Swansea hired a person certified to operate both the water system and the waste water system. The town terminated Sharpe's employment.
 
 
 5
 Sharpe filed a complaint alleging that he was discharged from his part-time employment[2] in violation of his First Amendment rights. On Defendants' motion for summary judgment, the district court found that Sharpe contacted DHEC personnel in order to protect himself and his certification. The district court held that Sharpe's communication with the DHEC was not on a matter of public concern, therefore his speech was not protected by the First Amendment. Sharpe appealed this ruling.[3]
 
 
 6
 "[W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." Connick v. Myers, 461 U.S. 138, 147 (1983). Whether a public employee's speech addresses a matter of public concern or personal concern is a matter of law which this Court will review de novo. Connick, 461 U.S. at 148 n.7; Daniels v. Quinn, 801 F.2d 687, 689 (4th Cir. 1986). In determining whether the speech addresses public concern, the court must consider"the content, form, and context of a given statement, as revealed by the whole record." Connick, 461 U.S. at 147-48. The employee's motivation for his speech is a relevant consideration in determining whether the speech addresses a matter of personal concern or of public interest. Maciariello v. Sumner, 973 F.2d 295, 300 (4th Cir. 1992), cert. denied, 61 U.S.L.W. 3498 (U.S. 1993).
 
 
 7
 In opposition to the Defendants' motion for summary judgment, Sharpe bore the burden of presenting sufficient evidence to demonstrate the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Sharpe relied upon his letter to the DHEC and his deposition testimony explaining that he sent the letter because he was informed that "if [the DHEC] came in and caught [the trainee] mixing the chemicals with his trainee permit without me being there present, that I would be held solely responsible. I would lose my certification."
 
 
 8
 We find that this evidence does not raise an issue of material fact as to Sharpe's interest in speaking and writing to the DHEC. Moreover, a review of the "record as a whole" reveals that the district court properly determined that Sharpe contacted the DHEC on a matter of personal concern, rather than of public concern. Therefore, his speech was not protected under the First Amendment. Connick, 461 U.S. at 147. To the extent that Sharpe was concerned with the town's failure to comply with the DHEC regulations and threat to the public health, we find his concern stemmed solely from his potential exposure to liability.
 
 
 9
 Because Sharpe failed to demonstrate that specific issues of material facts existed which precluded the granting of a judgment as a matter at law, see Celotex Corp., 477 U.S. at 324, and because we find that Sharpe's speech was not protected by the First Amendment, we affirm the order of the district court granting summary judgment for the Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Under DHEC regulations, a trainee is authorized to test the water supply and mix chemicals only if supervised by a certified operator
 
 
 [2]
 Sharpe performed his functions for the town during his off hours from his full-time job. He worked an average of one to three hours per day
 
 
 [3]
 Summary judgment was granted against Sharpe's claims of violations of 42 U.S.C. §§ 1983, 1985, and 1986 (1988), and state law. However, Sharpe only argues the First Amendment issue in this Court